**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

UNITED STATES OF AMERICA,

v.                                                                                    CASE NO. 1:06-cr-00035-MP-GRJ-2
                                                                                               1:11-cv-00100-MP-GRJ

BETTY JO RAINS,

      Defendant.

_____/

**O R D E R**

This cause comes on for consideration upon the Magistrate Judge's Report and

Recommendation dated August 6, 2014.  (Doc. 540).  The parties have been furnished a copy of

the Report and Recommendation and have been afforded an opportunity to file objections

pursuant to Title 28, United States Code, Section 636(b)(1).  Defendant has filed objections at

Doc. 548.  I have made a *de novo* review based on those objections.

Having considered the Report and Recommendation, and the timely filed objections, I

have determined that the Report and Recommendation should be adopted and that the

Defendant's second amended motion to vacate, set aside, or correct sentence (doc. 490) should

be denied as to all claims.  The undersigned writes separately to address certain issues raised by

Defendant's objections.

By way of background, this matter is proceeding on Defendant's second amended motion

to vacate pursuant to 28 U.S.C. § 2255.  (Doc. 490).  Therein, Defendant raised twenty separate

grounds for relief, claiming that her retained trial and appellate attorneys were constitutionally

ineffective.  Consisting of 43 pages, the Magistrate Judge's Report and Recommendation

addressed each of these grounds.

With her objections to the Report and Recommendation, Defendant submitted a request for leave to exceed the page limits on party filings imposed by this District's Local Rules. The Local Rules generally impose a 25-page limit, "absent leave of court upon a showing of good cause." N.D. Fla. Loc. R. 5.1(J)(3); *see also* Loc. R. 7.1. Here, Defendant's objections consist of 48 pages, including a page for certificate of service. She also attached to her motion four exhibits totaling eight (8) pages. As good cause, Defendant appears to argue that the length of the Report and Recommendation warranted objections exceeding the District's page limits. She also states that while the granting of the request would not prejudice the Government, it would impose a hardship on her. To date, the Government has filed no objections to this request.

The Court has found no authority tending to show that a lengthy Report and Recommendation constitutes good cause for the filing of excess pages. Regardless, in an abundance of caution and in the interests of justice, the Court has considered the entirety of Defendant's objections. Thus, to this extent, Defendant's request for leave to file excess pages is granted.

As noted above, although the Court finds that the Report and Recommendation should be adopted, Defendant's objections raise several issues that warrant further discussion. First, regarding Ground Nine, Defendant objects that the Magistrate Judge did not discuss the issue of her sentencing counsel's failure to move the Court for a downward departure under United States Sentencing Guidelines Section 5K2.12. Doc. 548-1 at 24. A review of Defendant's motion at doc. 490 shows that Defendant styled/titled her ninth ground for relief as follows: "Attorney Harper rendered woefully inadequate assistance when he failed to file any Motion for Downward Departure, or any meaningful objections, corrections or supplement to the PSI, based on readily available USSG § 5K2.12 or § 5K2.13 information, or any Memorandum at all presenting any

*Case No: 1:06-cr-00035-MP-GRJ-2*

mitigating evidence at Petitioner's sentencing." Doc. 490 at 25. Despite the title, the Ground

contains no further mention of or argument concerning Section 5K2.12.[1]

"[A] district judge need not consider an argument that a party failed to present to the

magistrate judge." *United States v. Coulton*, 594 F. App'x 563, 568 (11th Cir. 2014). "'[T]o

require a district court to consider evidence not previously presented to the magistrate judge

would effectively nullify the magistrate judge's consideration of the matter and would not help

to relieve the workload of the district court.'" *Worley v. City of Lilburn*, 408 F. App'x 248, 253

(11th Cir. 2011) (quoting *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009)). Defendant

was given sufficient opportunity to develop her argument based on Section 5K2.12 but failed to

do so. Accordingly, to the extent that Defendant now seeks in her objections to raise and/or

discuss this issue for the first time, her argument must be rejected. Additionally, a comparison of

Ground Nine of the § 2255 motion with the corresponding section of the Report and

Recommendation shows that the Magistrate Judge thoroughly and accurately addressed each

substantive issue that was actually raised and discussed by Defendant. To the extent that the

issues raised in Ground Nine may have indirectly related to considerations of Section 5K2.12,

the Court finds that the Magistrate Judge sufficiently addressed these issues.

Furthermore, even on its merits, Defendant's objection concerning a departure under

Section 5K2.12 lacks merit. Under Section 5K2.12, "[i]f the defendant committed the offense

because of serious coercion, blackmail or duress, under circumstances not amounting to a

complete defense, the court may depart downward." Defendant cites to the First Circuit's

opinion in *United States v. Sachdev*, 279 F.3d 25, 29 (1st Cir. 2002), for the proposition that in

---

[1] Likewise, Defendant's discussion of Ground Nine in her reply/traverse (doc. 507) contains no mention of or argument concerning Section 5K2.12, save for the title of the discussion. *See* Doc. 507 at 15–18.

considering a departure under Section 5K2.12, a "district court must also objectively determine whether a reasonable person in defendant's position would perceive there to be a threat, explicit or implicit, of physical injury, substantial damage to property, or similar injury resulting from the unlawful action of a third party (or from a natural emergency)." However, the Court in *Sachdev* also acknowledged that "[t]he ultimate issue remains that of whether the defendant *committed the offense* 'because of' serious coercion, blackmail, or duress." *Id.* (emphasis added) (quoting *United States v. Anderson*, 139 F.3d 291, 300 (1st Cir. 1998)).

In other words, by its plain language, Section 5K2.12 concerns coercion, blackmail, and/or duress that effectuates a defendant's commission of *the underlying offense*. Here, neither in her § 2255 motion nor in her objections does Defendant point to any particular threat cognizable under Section 5K2.12 that caused her to commit the offenses for which she was sentenced. Instead, in her objections, Defendant states only that the duress and coercion exerted by co-defendant Adams compelled her "to do whatever Adams told her she must do, thereby causing her to *violate her plea agreement*." Doc. 548-1 at 27 (emphasis added). Section 5K2.12 does not concern whether coercion, blackmail, and/or duress caused a violation of a defendant's plea agreement. Instead, it speaks only to the commission of the underlying offense. Accordingly, sentencing counsel's failure to file a motion under Section 5K2.12 based on such circumstances was not constitutionally ineffective.

Additionally, in her objections concerning Ground Nine, Defendant states that her sentencing counsel was constitutionally ineffective for failing to move the Court for a downward departure under Section 5H1.3. *See* Doc. 548-1 at 24. However, once again, a review of Defendant's motion to vacate (doc. 490) and her reply/traverse (doc. 507) shows that Defendant did not present this issue to the Magistrate Judge. Accordingly, the Court need not consider this

argument.  *See United States v. Coulton*, 594 F. App'x 563, 568 (11th Cir. 2014); *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009).

Next, concerning Ground Thirteen, Defendant objects that the Magistrate Judge failed to properly analyze the issues she actually advanced.  In her § 2255 motion, Defendant argued that her appellate counsel was constitutionally ineffective for failing to appeal certain specific issues, including "prosecutorial misconduct/vindictiveness issues related to the [Defendant's] reluctance to have her mother forfeit her own property on [Defendant's] behalf[.]"  Doc. 490 at 34. Defendant argues that the Magistrate Judge did not analyze this issue but, instead, analyzed the issue of prosecutorial misconduct related to Assistant United States Attorney Williams' alleged "reluctance to file for a reduction because his superiors told him not to."  Doc. 548-1 at 37.

However, the Court finds that the Magistrate Judge properly characterized and analyzed Defendant's arguments.  First, the Magistrate Judge began by noting that Defendant had allegedly told her counsel to appeal three issues, one of which was "prosecutorial misconduct/vindictiveness related to her reluctance to have her mother forfeit property[.]" Second, in discussing this particular issue, the Magistrate Judge stated as follows:

> Second, only Defendant's speculation provides support for her claim of
> prosecutorial vindictiveness.  AUSA Williams told Defendant's mother that he
> wanted to file for a sentence reduction for Defendant, but it was his superiors who
> would not allow him to do this, for unspecified reasons.  (Doc. 490-9 at 4).

Doc. 540 at 37–38.  Although this analysis makes no reference to the forfeiture of property, the Magistrate Judge's reference to the AUSA's conversation with Defendant's mother supports the conclusion that Defendant's arguments of prosecutorial misconduct/vindictiveness are purely speculative.  Furthermore, for the reasons stated in the Magistrate Judge's discussion of Grounds Five and Twelve, Defendant's arguments relating to forfeiture of property are entirely without

merit.  Appellate counsel is not ineffective for failing to raise claims that are reasonably

considered to be without merit.  *Brown v. United States*, 720 F.3d 1316, 1335 (11th Cir. 2013).

Accordingly, Defendant is not entitled to relief for her appellate counsel's failure to raise this

issue.

Finally, in her objections, Defendant asserts a new ground for relief that was not included

in her second amended § 2255 motion.  In the section titled "MEMORANDUM NOTICE TO

THE COURT" (doc. 548-1 at 43–46), Defendant claims that she suffered "a due process

violation directly attributable to outrageous government conduct," specifically that "Officer

Devinny overtly lied to a judge to secure [a] search warrant" involved in this case.  Doc. 548-1 at

44.  She also argues that her "attorney was constitutionally ineffective for failing to research and

investigate this issue."  *Id.* at 46.  Finally, she argues that she is entitled to a *Franks* hearing,

pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), to challenge the validity of the search

warrant.  *Id.*

Defendant bases these arguments on a recently obtained affidavit by Michael Montana,

submitted by Defendant with her objections.  *Id.* at Ex. A.  According to Defendant, the affidavit

establishes that Officer Devinny knowingly coerced false information from Jason McRae, which

was then used by Officer Devinny in support of his search warrant affidavit.  *Id.* at 44–45.

McRae allegedly spoke to Montana on the phone and told Montana that Devinny and three other

officers kept him "in a room, exhausted [and] deprived of sleep, and relentlessly interrogated

him until [he] was reluctantly coerced into signing a statement without reading it."  *Id.* at 44.  In

her own declaration, attached as Exhibit "C" to her objections, Defendant states that the McRae

statement and the subsequent search warrant affidavit by Officer Devinny contained false

statements.  She appears to argue that as a consequence, the search warrant was invalid, the

evidence obtained from the search was inadmissible, and her subsequent plea of guilty was not made knowingly and voluntarily. *Id.* at Ex. C.

Viewed liberally in light of her *pro se* status, Defendant appears to request that the Court grant her leave to amend her second amended § 2255 motion to add this new ground for relief. Pursuant to Rule 12 of the Rules Governing § 2255 Proceedings, "a district court may apply the Federal Rules of Civil Procedure in a lawful manner consistent with the Rules Governing § 2255 Proceedings." *See Farris v. United States*, 333 F.3d 1211, 1215 (11th Cir. 2003); Rule 12 of the Rules Governing § 2255 Proceedings. Under Rule 15(a) of the Federal Rules of Civil Procedure, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). However, "leave to amend is not guaranteed, and the decision of whether to grant a motion to amend is within the sound discretion of the trial court." *Harden v. United States*, Nos. CV 310-064, CR 308-007, 2011 WL 3877072, at *1 (S.D. Ga. Aug. 31, 2011) (citing *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981)).[2] "In making this determination, a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment." *Local 472, United Ass'n of Journeymen & Apprentices of Plumbing and Pipefitting Indus. v. Ga. Power Co.*, 684 F.2d 721, 724 (11th Cir. 1982) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

As an initial matter, the Court reiterates that "a district judge need not consider an argument that a party failed to present to the magistrate judge." *United States v. Coulton*, 594 F.

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

App'x 563, 568 (11th Cir. 2014).  Defendant argues in her objections that she was unable to raise

this new ground for relief in her previous briefings to the Court because she only recently

obtained the Montana Affidavit, after the Magistrate Judge issued the pending Report and

Recommendation.  *See* Doc. 548-1 at 44.  However, Defendant also acknowledges that the newly

submitted evidence "is identical to and further supported by Mrs. Hilgendorf's sworn declaration

of May 23, 2012 (Doc. 507 at 33–35 ¶ 5), submitted by [Defendant] over two years ago."  *Id.* at

45.  This statement refers to the Declaration of Betty Hilgendorf, an exhibit submitted by

Defendant in May of 2012 as an attachment to her reply/traverse to the Magistrate Judge.  *See*

Doc. 507, Declaration of Betty Hilgendorf.  Similar to the Montana Affidavit, the Hilgendorf

Declaration recounts a conversation between Hilgendorf and McRae in which McRae allegedly

recanted various statements he made to Officer Devinny.  *Id.* at 2–3.  As in the Montana

Affidavit, the Hilgendorf Declaration states that Officer Devinny offered to help get McRae out

of trouble "if he would just sign a document stating that Betty Jo had sold him cocaine."  *Id.* at 3.

Also like the Montana Affidavit, the Hilgendorf Declaration claims that McRae signed the

document without reading it, and that certain statements in the document were false.  *Id.*

Despite presenting the Magistrate Judge with the Hilgendorf Declaration over three years

ago, Defendant never requested leave to amend her § 2255 motion to add the new ground for

relief asserted in her instant objections.  Given the similarities between the Hilgendorf

Declaration and the recently submitted Montana Affidavit, Defendant appears to have had

sufficient opportunity to request such leave from the Magistrate Judge.  By failing to do so, and

by waiting until what has become the eleventh hour of these proceedings to assert this new

ground for relief, Defendant has effectively nullified the Magistrate Judge's consideration of the

matter and has undermined any relief the Magistrate Judge could have provided to the District

Court's workload with regard to this issue. *See Worley v. City of Lilburn*, 408 F. App'x 248, 253 (11th Cir. 2011). The Court finds that such a request, which also includes a demand for a full evidentiary *Franks* hearing (*see* doc. 548-1 at 46) would cause significant undue delay to these already protracted proceedings. *See Tampa Bay Water v. HDR Eng'g, Inc.*, 731 F.3d 1171, 1186 (11th Cir. 2013) ("A district court may find undue delay when the movant knew of facts supporting the new claim long before the movant requested leave to amend, and amendment would further delay the proceedings."). Furthermore, given the timing of the request and the fact that Defendant seemingly knew of the alleged supporting facts years before the filing of her instant objections, the Court is inclined to construe the request as a bad faith attempt to circumvent the strict limitations imposed by 28 U.S.C. §§ 2244 and 2255(h) on the filing of second or successive habeas petitions. *See Vitrano v. United States*, 721 F.3d 802, 806 (7th Cir. 2013) (noting that district courts must "'police attempted end-runs around the successive petition limitations of § 2255'") (quoting *Hare v. United States*, 688 F.3d 878, 880 n.3 (7th Cir. 2012)). For these reasons alone, the Court finds that Defendant's request must be rejected.

However, even considering the merits of the new ground, the Court finds that leave to amend must be denied as futile. First, the Court finds that the new ground would violate the one-year limitations period imposed by 28 U.S.C. § 2255(f). Under the statute, the one-year limitations period runs from the latest of "the date on which the judgment of conviction becomes final" or "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." § 2255(f)(1), (4).[3] In this case, even assuming, *arrguendo*, that the date of the filing of Defendant's reply/traverse at doc. 507, or May

---

[3] Section 2255 has two additional provisions that provide for other dates from which the limitations period runs, but neither is implicated here.

23, 2012, represented the date on which the facts supporting her new ground could have been discovered through the exercise of due diligence, that occurred approximately two and one-half years prior to the filing of her instant objections, well beyond the one-year limitations period. *Compare* Doc. 507, *with* Doc. 548.  Accordingly, Defendant's new ground is untimely and barred under § 2255(f) unless it "relates back" under Rule 15© of the Federal Rules of Civil Procedure.

Rule 15© provides that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading[.]" FED. R. CIV. P. 15(c)(1)(B).  The relation back doctrine "causes an otherwise untimely claim to be considered timely by treating it as if it had been filed when the timely claims were filed." *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000).  In the context of a § 2255 motion, "the untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings." *Id.*  "In order to relate back, the untimely claim must have arisen from the 'same set of facts' as the timely filed claim, not from separate conduct or a separate occurrence in 'both time and type.'" *Id.* (quoting *United States v. Pittman*, 209 F.3d 314, 318 (4th Cir. 2000); *United States v. Duffus*, 174 F.3d 333, 337 (3d Cir. 1999); *United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999)).

Guided by these principles, the Court finds that Defendant's new ground does not arise from the same set of facts as any of her original claims, but instead arises from separate conduct and occurrences in both time and type.  Defendant's newly proposed ground arises from the alleged interrogation of McRae by Officer Devinny, as well as the alleged coercion of false

statements during that interrogation.  A review of Defendant's second amended motion under §

2255 shows that none of her original claims arose from these facts.  *See* Doc. 490.  Accordingly,

Defendant's newly proposed ground for relief does not relate back to her § 2255 motion, and her

new ground is barred as untimely.

Finally, the Court finds that leave to amend would be futile as Defendant's newly

proposed ground fails to present an issue upon which relief may be granted.  Defendant's newly

proposed ground for relief essentially functions as an attack on the validity of the Devinny

search warrant affidavit, which in turn serves as an attack on the execution of the search warrant

as well as the admissibility of the evidence gathered from that search.  However, during the

underlying proceedings, Defendant entered a plea of guilty.  *See* Docs. 126, 127, 405.

Defendant's plea of guilty, "if voluntarily and understandingly entered, is conclusive as to [her]

guilt, admitting the facts as charged and waiving all non-jurisdictional defects in the prior

proceedings against [her]."  *Biggs v. United States*, 318 F. Supp. 212, 213 (N.D. Fla. 1970)

(citing *Chambers v. Beto*, 428 F.2d 791 (5th Cir. 1970)); *see also Franklin v. United States*, 589

F.2d 192, 194 (5th Cir. 1979) ("By entering a knowing, voluntary, intelligent guilty plea on the

advice of competent counsel, [Defendant] has waived all nonjurisdictional complaints.").

Defendant's new "claims regarding . . . coerced confessions, . . . and illegal searches and

seizures are not jurisdictional in nature and thus do not require our consideration."  *Franklin*, 589

F.2d at 194–95; *see also United States v. Tucker*, 511 F. App'x 166, 169–70 (3d Cir. 2013) ("A

defendant's unconditional, knowing and voluntary guilty plea acts as a waiver of non

jurisdictional defects, . . . including waiver of pre-trial claims that police illegally seized

evidence . . . ."); *Hines v. United States*, Nos. 11-700-WS, 10-161-WS-C, 2013 WL 1679269, at

*3 n.3 (S.D. Ala. Mar. 13, 2013) ("[A]n alleged violation of one's . . . right to a suppression

hearing . . . [is] also waived, as non-jurisdictional defects, upon the entry of an unconditional plea of guilty, made knowingly, voluntarily, and with the benefit of counsel.").

In her objections, Defendant argues that as a result of the actions of Officer Devinny, her plea was not knowingly and voluntarily made and, consequently, consideration of her newly proposed ground is appropriate on a § 2255 motion.  For support, Defendant cites to the Fourth Circuit's opinion in *United States v. Fisher*, 711 F.3d 460 (4th Cir. 2013), an "extraordinary case" in which "the law enforcement officer responsible for the investigation that led to the defendant's arrest and guilty plea himself later . . . admitted to having lied in his sworn affidavit that underpinned the search warrant for the defendant's residence and vehicle, where evidence forming the basis of the charge to which the defendant pled guilty was found." *Fisher*, 711 F.3d at 462.  The Court held that "the officer's affirmative misrepresentation . . . rendered the defendant's plea involuntary and violated his due process rights." *Id.*

The Court finds that despite the holding in *Fisher*, Defendant is not entitled to the relief she seeks.  As an initial consideration, the *Fisher* opinion is not controlling on this Court as "the decisions of one circuit are not binding on other circuits." *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981); *see also United States v. Harlan*, Nos. 10-00292-CG-N, 12-0551-CG, 2014 WL 177536, at *4 n.4 (S.D. Ala. Jan. 16, 2014) (noting that decisions of the Fourth Circuit are not binding outside of the Fourth Circuit).  Further, the persuasiveness of *Fisher* is questionable in that, according to this Court's research, no other circuit court has adopted *Fisher*'s expansive holding and one district court has even questioned whether the opinion was decided correctly. *See Hasbajrami v. United States*, Nos. 13-CIV-6852, 11-CR-623, 2014 WL 4954596, at *3 (E.D.N.Y. Oct. 2, 2014) ("I am not convinced that *Ferrara*, and especially *Fisher*, were correctly decided.").  Regardless, the Court notes that even by the Fourth Circuit's

own description, the facts of *Fisher* were "extraordinary." *Fisher*, 711 F.3d at 462.  Such an

atypical case turned on the unusual circumstance of a law enforcement officer later admitting "to

having lied in his sworn affidavit." *Id.*

In this case, Defendant has presented no comparably definitive and/or reliable evidence

to support her claims.  Instead, the evidence presented consists merely of statements by Betty

Hilgendorf and Michael Montana regarding statements allegedly made to them by Jason McRae,

which in turn concern statements he allegedly made to Officer Devinny.  Such evidence is

inadmissible hearsay and does not warrant the relief granted in *Fisher*.  *See Dorminey v. United*

*States*, 546 F. Supp. 702, 705 (M.D. Ga. 1982) (quoting *Dalli v. United States*, 491 F.2d 758,

760 (2d Cir. 1974)) ("'Mere generalities or hearsay statements will not normally entitle the

applicant to a hearing . . . since such hearsay would be inadmissible at the hearing itself. . . . The

petitioner must set forth specific facts which he is in a position to establish by competent

evidence.'"); *see also Bowe v. United States*, Nos. CV408-033, CR404-308, 2009 WL 2899107,

at *9 (S.D. Ga. May 20, 2009) (noting that pursuant to Federal Rule of Civil Procedure 56,

hearsay evidence may be used in a § 2255 proceeding "so long as the submitting party can also

show that he can reduce it to admissible form . . . at a hearing").  Further, given the abundance of

evidence against Defendant, as detailed in such documents as the Report and Recommendation,

the Defendant's Presentence Investigation Report, and even the portions of the search warrant

affidavit that were filed with Defendant's reply/traverse, Defendant has failed to show that the

instant allegations would have foreclosed either the execution of the search warrant or the

subsequent prosecution.  In other words, Defendant has not shown "'a reasonable probability

that, but for the [alleged] misconduct, [she] would not have pleaded guilty and would have

insisted on going to trial.'" *United States v. Fisher*, 711 F.3d 460, 467 (4th Cir. 2013) (quoting

*Ferrara v. United States*, 456 F.3d 278, 294 (1st Cir. 2006)).  For these reasons, leave to amend

would be futile and must be denied.

    Accordingly, it is hereby

    **ORDERED AND ADJUDGED:**

1.      To the extent that this Court has considered the entirety of Defendant's
        objections, Defendant's motion for leave to file objections that exceed the 25-
        page limit (doc. 548) is GRANTED.

2.      The Magistrate Judge's Report and Recommendation (doc. 540) is adopted and
        incorporated by reference in this order.

3.      Defendant's second amended motion to vacate, set aside, or correct sentence,
        pursuant to 28 U.S.C. § 2255 (doc. 490), is DENIED as to all claims.

4.      A certificate of appealability is DENIED, pursuant to Rule 11(a) of the Rules
        Governing Section 2255 Cases in the U.S. District Courts.

    **DONE AND ORDERED** this _ *5th* day of August, 2015

                              *s/Maurice M. Paul*
                              Maurice M. Paul, Senior District Judge