IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.                    Case Nos.:     1:06cr35/MP/GRJ
                                                      1:16cv336/MP/GRJ

BETTY JO RAINS,

    Petitioner.

_____

## REPORT AND RECOMMENDATION

This matter is before the court on Petitioner's "Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255 and Amendment 794 of the U.S.S.G. 3B1.2." (ECF No. 555.) Amendment 794 does not provide an independent jurisdictional basis for relief. Thus, Petitioner's request for relief is properly considered under the Rules Governing Section 2255 Proceedings. Rule 4(b) of these rules provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, the Court concludes that it does not have jurisdiction to entertain Petitioner's motion and that it should be summarily dismissed.

## BACKGROUND and ANALYSIS

In 2007, Petitioner Betty Jo Rains pled guilty to one count of conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii) and § 846 (count one) and possession of firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A) and (2) (count two).  (ECF No. 126.)  In May of 2009, Petitioner was sentenced to 211 months' imprisonment as to the first count and 60 months' imprisonment as to the second count, with the sentences to run consecutively.  (ECF Nos. 405, 406).  Petitioner's convictions and sentences were affirmed on appeal (*see* ECF No. 459.)[1]

In May of 2011, Petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence, which was later amended twice. (ECF Nos. 473, 475, 478, 490.)  In 2015, Petitioner's second amended motion to vacate was denied and a certificate of appealability was denied. (ECF Nos. 540, 553, 554.)

---

[1]  On August 5, 2015, the court reduced Petitioner's sentence on the first count from 211 months' imprisonment to 169 months' imprisonment pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 (*see* ECF No. 552).

Case Nos.:  1:06cr35/MP/GRJ; 1:16cv336/MP/GRJ

Before a second or successive application for § 2255 relief is filed in the district court, a Petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3) and § 2255(h); Felker v. Turpin, 518 U.S. 651 (1996). Petitioner has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion. Therefore, the instant motion to vacate must be dismissed because the court lacks jurisdiction to consider Petitioner's successive § 2255 motion without proper authorization.

## CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation

Case Nos.: 1:06cr35/MP/GRJ; 1:16cv336/MP/GRJ

omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. Petitioner's "Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255 and Amendment 794 of the U.S.S.G. 3B1.2" (ECF No. 555) should be **SUMMARILY DISMISSED**.

2. A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 14th day of November, 2016.

/Gary R. Jones
GARY R. JONES
United States Magistrate Judge

Case Nos.: 1:06cr35/MP/GRJ; 1:16cv336/MP/GRJ

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 1:06cr35/MP/GRJ; 1:16cv336/MP/GRJ